UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESSE GROSSMAN,

      PLAINTIFF,

-against-

NEW YORK STATE OFFICE OF MENTAL
HEALTH (BUFFALO PSYCHIATRIC CENTER),

      DEFENDANT.

---

Index No.:

**VERIFIED COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, Jesse Grossman, by her counsel, Sanders & Sanders, complains as follows against New York State Office of Mental Health (Buffalo Psychiatric Center):

## NATURE OF COMPLAINT

1. This is a proceeding for declarative relief and damages for violations of Plaintiff's rights under the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("New York HRL"). Plaintiff contends Defendant intentionally discriminated against her because of her age by subjecting her to discriminatory terms and conditions of employment, including differential treatment based on her age.

## JURISDICTION AND VENUE

2. This court has original jurisdiction pursuant to 28 U.S.C. § 1331, as this case asserts rights under the ADEA.

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

4. Venue is proper under 28 U.S.C. §1391(b).

5. Plaintiff has exhausted all administrative remedies, by filing a complaint with the Equal Employment Opportunity Commission on or about March 8, 2019 (**Exh. 1** hereto).

6. Plaintiff was notified of her Right to Sue notice issued November 16, 2022 (**Exh. 2** hereto), after the EEOC ceased conciliation (**Exh. 3** hereto).

## PARTIES

7. Plaintiff Jesse Grossman has been a resident of New York State at all relevant times hereto. She is over the age of 40 and a member of protected classes as recognized by ADEA and HRL.

8. Defendant State of New York's Office of Mental Health ("OMH") operates the Buffalo Psychiatric Center ("BPC") and it is a state agency offering mental health services to patients throughout Western New York, located at 400 Forest Avenue, Buffalo, New York 14213.

## BACKGROUND

9. Plaintiff was employed with OMH for over 40 years, and for well over 20 years at BPC. She began her employment on September 14, 1978 as a Psychiatric Social Worker.

10. She demonstrated exemplary performance in her various positions at multiple facilities from 1978 to 2014.

11. In 2014, Plaintiff's civil service title changed to Director of Quality Management,

12. Plaintiff earned perfect scores on the civil service exams for both Unit Chief and Director of Social Work. At the August 2016 JCAHO survey, Plaintiff was responsible for overall facility preparations and the on-site team. BPC received an extremely positive evaluation.

13. In March 2017, Plaintiff requested that she be given the Civil Service Title of Deputy Director and grade/pay for the work she was performing as the Director of Quality Management.

14. Plaintiff had become aware that many of her colleagues throughout the state, at similar facilities, performing the same duties, held a Deputy Director title. Plaintiff was told that this would be a promotional process and she would simply move into the new title when one was vacant.

15. In March 2017, the Executive Director position opened. Plaintiff was qualified for the position, and she applied for it.

16. In or about December 2017, Dr. Beatrix Sousa (approximately 45 years old) was hired for the position of Executive Director and became Plaintiff's supervisor. Plaintiff was told she had not received the position, nor was she given a reason why not.

17. In June 2018, a position of Deputy Director became open and the position was posted. Instead of moving Plaintiff into the open position, after working the position for four years, she was required to apply and interview for the position.

18. Plaintiff applied and interviewed for the position.

19. On or about October 3, 2018, Plaintiff was notified that she was not chosen for her own position, which is now a Deputy Director position. An external candidate (approximately 42 years old) was hired for the position.

20. Plaintiff was told to stay in her current position to train her new boss and to help the facility pass its Joint Commission survey in August 2019.

21. Plaintiff contends Defendant pushed her out the door with its decision not to promote her to Deputy Director and to ask her to train her successor. She resigned her position effective December 26, 2018.

## AGE DISCRIMINATION

22. Plaintiff was subjected to discrimination based on her age in connection with her employment with Defendant, including as set forth herein.

23. In Summer 2018, when Plaintiff was 66 years old, Dr. Sousa said to her, "I'm 45.. and I'm going to be here for the next 20 years." Based, in part, on that statement, Plaintiff believed that, because of

her age, Defendant had no intention of selecting her for the Deputy Director position. Defendant assumed that Plaintiff would be retiring, but she had no such plans.

24. On October 3, 2018, when Plaintiff was passed over for the Deputy Director position, another candidate, approximately 42 years old, was selected for the position.

25. Plaintiff questioned why the position was awarded to another candidate.

26. Dr. Sousa told her that an opportunity presented itself and that it would have been unethical not to appoint the other candidate because she had 15 years of Quality Management experience.

27. Plaintiff contends this candidate was far less qualified than herself. This candidate did not have a MSW and she had no clinical experience. She had no credentials to serve as a clinician. She had not worked for OMH and she had only minimal experience in New York State.

28. Plaintiff contends Dr. Sousa's secretary told her that she was not selected for the position of Deputy Director because Dr. Sousa believed that Plaintiff would have retired before the Joint Commission survey in 2022. Plaintiff had no plans to retire before 2022.

## FIRST CAUSE OF ACTION –
## AGE DISCRIMINATION IN VIOLATION OF ADEA

29. Plaintiff repeats and realleges every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as though fully set forth herein.

30. Plaintiff has been discriminated against by Defendant on the basis of age in violation of the ADEA, through a course of conduct of specifically subjecting Plaintiff to disparate treatment in intentionally discriminating against her because of her age.

31. As a direct result of Defendant's age discrimination against Plaintiff, Plaintiff has lost past and future wages, including reduction of NYS Pension and Social Security benefits amounts, bonuses and other employment benefits, other incidental and consequential damages and expenses.

32. As a direct result of Defendant's acts set forth herein against Plaintiff, Plaintiff has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

33. Defendants' conduct was outrageous, was done in a deliberate and malicious manner intended to injure Plaintiff and was done in conscious disregard to Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages.

34. Defendant's conduct was done in a willful manner. Therefore, Plaintiff is entitled to an award of liquidated damages.

## SECOND CAUSE OF ACTION –
## AGE DISCRIMINATION IN VIOLATION OF THE NEW YORK HRL

35. Plaintiff repeats and realleges every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as though fully set forth herein.

36. At all relevant times herein, Plaintiff was an employee within the meaning of NY HRL and is over the age of 40.

37. Defendant engaged in a pattern and practice of discrimination against Plaintiff on the basis of age in violation of the New York HRL.

38. As a direct result of Defendant's acts set forth herein against Plaintiff, Plaintiff has lost past and future wages, including reduction of NYS Pension and Social Security benefit amounts and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment.

WHEREFORE, Plaintiff requests relief as hereinafter provided:

a) Empanel a jury to hear Plaintiff's complaint;

b) Enter judgment declaring the acts and practices of Defendant to be in violation of the laws of the United States;

c) Issue a permanent injunction ordering Defendant to cease and desist from engaging in the illegal and unlawful acts and practices described herein;

d) Award Plaintiff the amount of wages, including fringe benefits, lost as a result of Defendant's discrimination;

e) Award Plaintiff consequential damages for losses resulting from Defendant's discrimination;

f) Award Plaintiff compensatory damages for losses resulting from Defendant's discrimination;

g) Award Plaintiff liquidated damages;

h) Award Plaintiff punitive damages;

i) Award Plaintiff the cost of this action, together with interest and reasonable attorney's fees.

Dated: Cheektowaga, New York
       December 29, 2022

_____
Harvey P. Sanders, Esq.
SANDERS & SANDERS
*Attorneys for Plaintiff*
401 Maryvale Drive
Cheektowaga, NY 14225
716-839-1489

## VERIFICATION PAGE

State of New York )
County of Erie ) SS:

Jesse Grossman, being duly sworn, deposes and says that she is the Plaintiff herein; that she has read the foregoing complaint and knows the contents thereof; that the same is true of her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, she believes the same to be true.

*Jesse Grossman*
Jesse Grossman

Subscribed and sworn to before me
this 29 day of December 2022.

*[signature]*
Notary Public

ELLIE N. McGEE
Notary Public, State of New York
Qualified in Erie County
Reg. No. 01MC6402532
My Commission Expires 1/6/2024

7