UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JESSE GROSSMAN,

                              Plaintiff,

vs.                                                                              23-CV-6

NEW YORK STATE OFFICE
OF MENTAL HEALTH
(Buffalo Psychiatric Center),
and DR. ANN MARIE T. SULLIVAN,
COMMISSIONER OF THE NEW YORK STATE
OFFICE OF MENTAL HEALTH, in her Official
Capacity,

                              Defendants.

_____

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

                                        LETITIA JAMES
                                        Attorney General of the State of New York
                                        *Attorneys for Defendants*

                                        */s/ Jennifer Metzger Kimura*
                                        BY: JENNIFER METZGER KIMURA
                                        DENETRA D. ROBERTS
                                        Assistant Attorney General, of Counsel
                                        350 Main Street, Suite 300A
                                        Buffalo, NY 14202
                                        Telephone: (716) 853-8477
                                        Jennifer.Kimura@ag.ny.gov
                                        Denetra.Roberts@ag.ny.gov

**Preliminary Statement**

Plaintiff Jesse Grossman brings the above-cited action against Defendants New York State Office of Mental Health ("OMH") and Dr. Ann Marie T. Sullivan, Commissioner of OMH ("Commissioner") (collectively "Defendants"). Dkt. 5. The amended complaint purports to set forth the following claims arising out of the course of Plaintiff's employment within OMH.  First, Plaintiff brings suit against the Commissioner alleging she was subjected to disparate treatment because of her age in violation of the Age Discrimination in Employment Act ("ADEA"). *Id.* at First Cause of Action.  Second, Plaintiff alleges Defendants engaged in an unlawful pattern and practice of discrimination due to age in violation of the New York State Human Rights Law ("HRL") *Id*. at Second Cause of Action.

Defendants moved to dismiss the amended complaint on the following grounds: (1) the first cause of action against the Commissioner pursuant Fed.R.Civ.P. 12(b)(6) because she is barred from suit as she is entitled to sovereign immunity; and (2) the court should not exercise supplemental jurisdiction for the Plaintiff's alleged state law claims since the parties are entitled to sovereign immunity. *See* Defendants' Notice of Motion and Moving Memorandum, Dkt. 10 and 10-1, respectively.

Thereafter, on July 7, 2023, Plaintiff submitted her response entitled Plaintiff's "Memorandum of Law in Opposition to Defendants' Motion to Dismiss" (hereinafter Plaintiff's Opposition"). Defendants submit this memorandum of law in reply to Plaintiff's Opposition and in further support of Defendants' motion to dismiss the complaint. Dkts. 10 and 13.

**Argument**

**POINT I**

**PLAINTIFF'S INJUNCTIVE RELIEF CLAIM AGAINST COMMISSIONER
SULLIVAN IS BARRED BY THE ELEVENTH AMENDMENT**

While it is not entirely clear what the demand for prospective relief is against the Commissioner, Plaintiff's Opposition states that the operative amended complaint is an ADEA claim against the Commissioner in her official capacity seeking an award of injunctive relief. *See* Dkt. 13, pp. 4-5. Such request for relief is still barred by the Eleventh Amendment.

Generally, the Eleventh Amendment bars claims that seek monetary or retroactive injunctive relief. *KM Enters v. McDonald*, 2012 U.S. Dist. LEXIS 138599, *16 (E.D.N.Y. Sept. 25, 2012); *citing Rothenberg v. Stone*, 234 F. Supp. 2d 217, 221 (E.D.N.Y. 2002). Prospective injunctive relief is available against a state officer in his official capacity under *Ex parte Young*, 209 U.S. 123, 155-156 (1908); *KM Enters* at *18. The courts apply "a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective relief." *Verizon Maryland, Inc., v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002); *citing Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997); *In re Deposit Ins. Agency*, 482 F.3d 612, 618 ("A plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state actors…provided that his complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.") (internal quotations omitted). "A plaintiff may not…seek even equitable relief (such as reinstatement to an employment position) as compensation for past, isolated conduct." *Javed v. Medgar Evers College of the City Univ. of N.Y.*, 2017 U.S. Dist. LEXIS 161095, * 12 (E.D.N.Y. Sept. 29, 2017); *quoting A.A. v. Bd. of Educ., Cent. Islip Union Free Sch. Dist.*, 196 F. Supp. 2d 259, 267 (E.D.N.Y. 2002).

Defendants acknowledge that under *Ex parte Young*, there is a limited exception to the application of sovereign immunity principles recognized to the extent that a State officer threatens to prospectively violate the federal Constitution. 209 U.S. 123, 156-57 (1908); *see also Puerto Rico Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). The Supreme Court has recognized that a State official, sued in his or her official capacity, could be enjoined prospectively from violating federal law. 209 U.S. at 156.  Yet, as the Supreme Court clarified in *Edelman v. Jordan*, federal courts may not issue injunctions against State officials, which would require an award of retroactive [] relief.  415 U.S. 651, 677 (1974) (when a plaintiff sues a state official alleging violation of federal law, the court may award an injunction directed to future conduct but not retroactive monetary relief); s*ee also Papasan v. Allain*, 478 U.S. 265, 277-78 (1986) (*Young* also does not authorize retrospective relief for allegations of past violations of federal law).  Rather, *Ex parte Young* authorizes relief only when the complaint alleges an ongoing violation of federal law.  209 U.S. at 125.

Plaintiff's demand of injunctive relief "to correct and remedy the Commissioner's discrimination", while on its face might be characterized as prospective relief, it is not.  The plain reading of Plaintiff's amended complaint does not implicate *Ex parte Young* as there is not "an *ongoing* violation of federal law." *KM Enters* at *21; *citing Green v. Mansour*, 474 U.S. 64, 73 (1985) (emphasis added).  If a complaint "is based entirely upon past acts and does not allege continuing conduct that, if stopped, would provide a remedy to a plaintiff, then it does not implicate *Ex parte Young*." *KM Enters* at *20.  Plaintiff resigned from OMH on December 26, 2018. *See* Dkt. 5, ¶ 22.  The amended complaint is merely based upon past acts that occurred almost five years ago.  Thus, *Ex parte Young* is not applicable.

At no point in Plaintiff's amended complaint or in her Opposition does Plaintiff articulate

4

any ongoing federal violations of age discrimination. Rather, it is riddled with mere conclusory allegations against the Defendants in an attempt to raise a plausible inference of discrimination. As an ongoing violation of federal law is a crucial requirement for *Ex parte Young* relief, the failure to properly allege same is fatal and the claim should be dismissed.

Accordingly, Plaintiff's demand for injunctive relief against the Commissioner must be dismissed as a matter of law by virtue of the Eleventh Amendment.

## POINT II

### PLAINTIFF'S CLAIM FOR PROSPECTIVE RELIEF IS MOOT

Assuming *arguendo* that *Ex parte Young* was applicable, Plaintiff's demand for injunctive relief against the Commissioner still fails. A case is moot, and federal courts have no jurisdiction over the litigation, when "'the parties lack a legally cognizable interest in the outcome.'" *Cty. of Los Angeles v. Davis*, 440 U.S. at 631, 99 S. Ct. 1379, 1383, 59 L. Ed. 2d 642 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 1950-51, 23 L. Ed. 2d 491 (1969)); *Bragger v. Trinity Capital Enter. Corp.,* 30 F.3d 14, 16 (2d Cir.1994) (same). "[T]he mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit, including the pendency of the appeal." *Cook v. Colgate Univ*., 992 F.2d 17, 19 (2d Cir.1993). Plaintiff purportedly seeks injunctive relief "to correct and remedy the Commissioner's discrimination" and "to cease and desist from engaging in the illegal and unlawful acts and practices described" in the complaint. *See* Dkt. No. 1, p. 6. However, Plaintiff voluntarily resigned from OMH effective December 26, 2018. *See* Dkt. 5 at ¶ 22. Therefore, she no longer has an interest in the outcome sought as she is not an OMH employee and will not benefit from the requested injunction, if granted. As such, the claim is moot.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be granted, with

prejudice, in its entirety.

DATED: July 28, 2023
        Buffalo, New York

                                 Respectfully submitted,

                                 LETITIA JAMES
                                 Attorney General of the State of New York
                                 Attorneys for Defendants

BY:    */s/ Jennifer Metzger Kimura*
                                 JENNIFER METZGER KIMURA
                                 DENETRA D. ROBERTS
                                 Assistant Attorney General, of Counsel
                                 350 Main Street, Suite 300A
                                 Buffalo, NY 14202
                                 Telephone: (716) 853-8477
                                 Jennifer.Kimura@ag.ny.gov
                                 Denetra.Roberts@ag.ny.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────

JESSE GROSSMAN,

                          Plaintiff,

vs.

                                                    23-CV-6

NEW YORK STATE OFFICE
OF MENTAL HEALTH
(Buffalo Psychiatric Center),
and DR. ANN MARIE T. SULLIVAN,
COMMISSIONER OF THE NEW YORK STATE
OFFICE OF MENTAL HEALTH, in her Official
Capacity,

                          Defendant.

───────────────────────────────────

## CERTIFICATE OF SERVICE

        I hereby certify that on July 28, 2023, I electronically filed the foregoing Reply
Memorandum with the Clerk of the District Court using its CM/ECF system, which would then
notify Plaintiff's counsel of record:

                          Harvey P. Sanders, Esq.
                          Sanders & Sanders
                          401 Maryvale Drive
                          Cheektowaga, NY 14225

DATED:        July 28, 2023
              Buffalo, New York

                                    LETITIA JAMES
                                    Attorney General of the State of New York
                                    Attorneys for Defendants
                                    BY:
                                    */s/ Jennifer Metzger Kimura*
                                    JENNIFER METZGER KIMURA
                                    DENETRA D. ROBERTS
                                    Assistant Attorney General, of Counsel
                                    350 Main Street, Suite 300A
                                    Buffalo, NY 14202
                                    Telephone: (716) 853-8477
                                    Jennifer.Kimura@ag.ny.gov
                                    Denetra.Roberts@ag.ny.gov

7