UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESSE GROSSMAN,

        Plaintiff,

    v.

NEW YORK STATE OFFICE OF
MENTAL HEALTH, BUFFALO
PSYCHIATRIC CENTER, *et al.*,

        Defendants.

23-CV-6-LJV
DECISION & ORDER

---

On January 4, 2023, the plaintiff, Jesse Grossman, commenced this action under the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("NYSHRL"). Docket Item 1. She alleges that the defendants—the New York State Office of Mental Health ("OMH") and its Commissioner, Dr. Ann Marie T. Sullivan—discriminated against her based on her age when she worked at the Buffalo Psychiatric Center ("BPC"), a state facility operated by OMH. *See* Docket Item 1; Docket Item 5 (amended complaint).

Grossman originally sued only OMH. *See* Docket Item 1. After OMH moved to dismiss the complaint, Docket Item 4, Grossman amended her complaint to add Sullivan as a defendant, Docket Item 5, and this Court denied the first motion to dismiss without prejudice, Docket Item 9. On June 12, 2023, the defendants jointly moved to dismiss the amended complaint, Docket Item 10; on July 7, 2023, Grossman responded, Docket Item 13; and on July 28, 2023, the defendants replied, Docket Item 16.

For the reasons that follow, the second motion to dismiss will be granted unless Grossman files a second amended complaint addressing the deficiencies identified below.

## **BACKGROUND**[1]

In 1978, Grossman joined OMH as a Psychiatric Social Worker.  Docket Item 5 at ¶ 10.  She worked for OMH "for over 40 years" and at BPC "for well over 20 years."  *Id.*  Grossman "demonstrated exemplary performance" during that time.  *See id.* at ¶¶ 11, 13.

In 2014, Grossman's "civil service title changed to Director of Quality Management."  *Id.* at ¶ 12.  A few years later—after she "bec[a]me aware that many of her colleagues throughout the state, at similar facilities, performing the same duties, held a Deputy Director title," *id.* at ¶ 15—Grossman "requested that she be given the [c]ivil [s]ervice [t]itle of Deputy Director and grade/pay for the other work she was performing as the Director of Quality Management," *id.* at ¶ 14.  Grossman "was told that . . . she would simply move into the new title when [a Deputy Director position became] vacant."  *Id.* at ¶ 15.

"In March 2017, the Executive Director position opened" and Grossman, who "was qualified for the position, . . . applied for it."  *Id.* at ¶ 16.  But "[i]n or about

---

[1] In resolving a "facial" motion to dismiss for lack of subject matter jurisdiction "based solely on the allegations of the complaint," "a court must accept the complaint's allegations as true 'and draw all reasonable inferences in favor of the plaintiff.'" *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 572 (S.D.N.Y. 2021) (alteration omitted) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016)).  The following facts are taken from the amended complaint, Docket Item 5, unless otherwise noted and are viewed in the light most favorable to Grossman.

December 2017, Dr. Beatrix Sousa[, who was] approximately 45 years old," was hired as the Executive Director and became Grossman's supervisor. *Id.* at ¶ 17. Grossman was not "given a reason why" she did not get the position. *Id.*

"In June 2018, a position of Deputy Director became open and the position was posted." *Id.* at ¶ 18. Although Grossman previously had been told that she "would simply move into" a Deputy Director position when one became available, *id.* at ¶ 15, "she was required to apply and interview for the position," *id.* at ¶ 18, and she did just that, *id.* at ¶ 19.

Around that time, Sousa told Grossman, who then was 66 years old, "I'm 45[] and I'm going to be here for the next 20 years." *Id.* at ¶ 24. Based on that statement, Grossman concluded that the defendants "had no intention of selecting her for the Deputy Director position" because they incorrectly "assumed that [Grossman] would be retiring." *Id.*

In October 2018, Grossman learned that she would not be moving into the open Deputy Director position. *Id.* at ¶¶ 20, 25. Instead, the position went to an "external candidate" who was "approximately 42 years old." *Id.* at ¶¶ 20, 25. Grossman "questioned why the position was awarded to another candidate," *id.* at ¶ 26, and "Sousa told her that an opportunity [had] presented itself and that it would have been unethical not to appoint the other candidate because she had 15 years of [q]uality [m]anagement experience," *id.* at ¶ 27. But Grossman "contends [that the other] candidate was far less qualified than herself." *Id.* at ¶ 28. What is more, at some point, "Sousa's secretary told [Grossman] that [Grossman] was not selected for the position of

3

Deputy Director because [] Sousa believed that [Grossman] would have retired before the Joint Commission survey in 2022." *Id.* at ¶ 29.

After the other candidate was hired as a new Deputy Director, Grossman "was told to stay in her current position to train her new boss and to help the facility pass its Joint Commission survey in August 2019." *Id.* at ¶ 21. Grossman now "contends [that the d]efendants pushed her out the door with [the] decision not to promote her to Deputy Director and to ask her to train her successor." *Id.* at ¶ 22. "She resigned her position effective December 26, 2018." *Id.*

Less than three months later, Grossman filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that OMH discriminated against her based on her age. *Id.* at ¶ 5; *see* Docket Item 5-2. On November 16, 2022, the EEOC issued a notice informing Grossman of her right to sue. Docket Item 5 at ¶ 6; *see* Docket Items 5-3 and 5-4. Grossman then commenced this action. Docket Item 1. She seeks "declarative relief, prospective injunctive relief, and damages." Docket Item 5 at ¶ 1.

## LEGAL PRINCIPLES

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "[B]ecause sovereign immunity is 'jurisdictional in nature,' questions of sovereign immunity implicate a court's subject matter jurisdiction and are analyzed under Rule 12(b)(1)." *Arjent LLC v. SEC*, 7 F. Supp. 3d 378, 383 (S.D.N.Y. 2014) (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)). "A plaintiff

asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

## **DISCUSSION**

The defendants argue that they are immune from Grossman's ADEA claims and that this Court should decline to exercise supplemental jurisdiction over Grossman's NYSHRL claims.[2]  Docket Item 10-1 at 4-8.  Grossman responds that she may pursue an ADEA claim against Sullivan and says that this Court therefore should exercise supplemental jurisdiction over her state law claims.  Docket Item 13 at 3-6.

**I.     ADEA CLAIM**

"The Eleventh Amendment precludes suits against states unless the state expressly waives its immunity or Congress abrogates that immunity." *Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017) (summary order) (citing *CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002)).  It also "bars . . . a claim for damages against [a state official sued in her] official capacit[y]." *Darcy v. Lippman*, 356 F. App'x 434, 436-37 (2d Cir. 2009) (summary order).  "Under the well-known exception to this rule set forth in *Ex parte Young*, [209 U.S. 123 (1908)], however, 'a plaintiff may sue a state official acting in [her] official capacity—notwithstanding the Eleventh Amendment—for prospective, injunctive relief from violations of federal law.'"

---

[2] The defendants moved to dismiss the amended complaint under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim, *see* Docket Item 10, but they do not actually argue that Grossman has failed to state a claim, *see* Docket Items 10-1 and 16.

*State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007)).

The defendants argue that they are immune from suit under the ADEA. Docket Item 10-1 at 4-6; *see Darcy*, 356 F. App'x at 436 (noting that the ADEA does not abrogate sovereign immunity and that the plaintiff had not shown that New York State has waived its immunity under that statute). Grossman replies that she has asserted an ADEA claim only against Sullivan—not OMH—and that she seeks "an award of injunctive relief against [Sullivan] to remedy [Sullivan's] age discrimination." *See* Docket Item 13 at 5; *see also* Docket Item 5 at ¶¶ 30-34. And she argues that the Eleventh Amendment does not bar that request for relief. *See* Docket Item 13 at 4-5 (citing *Van Ever-Ford v. New York*, 2019 WL 1922065 (W.D.N.Y. Apr. 30, 2019)). But for the reasons that follow, Grossman's ADEA claim still fails.

Grossman purportedly seeks prospective injunctive relief against Sullivan. *See* Docket Item 5 at ¶¶ 1, 34; *id.* at 6 (prayer for relief); *see also* Docket Item 13 at 4-5 (arguing that Grossman asserts a claim against Sullivan "for prospective injunctive relief"). Indeed, Grossman argues that the request for prospective injunctive relief salvages her claim. Docket Item 13 at 3-5. But nowhere in her amended complaint or responding papers does Grossman say what prospective injunctive relief she actually seeks. *See* Docket Items 5 and 13; *see also* Docket Item 16 at 3 ("[I]t is not entirely clear what the demand for prospective relief is against [Sullivan] . . ."). And it is difficult to imagine what that prospective relief might be given that Grossman resigned her position at OMH.

Without a clear request stating what injunctive relief she seeks, Grossman has not established that she seeks a prospective injunction.  *Cf. Long Island Pure Water Ltd. v. Cuomo*, 375 F. Supp. 3d 209, 216-17 (E.D.N.Y. 2019) (explaining that to determine whether the Eleventh Amendment bars a claim for injunctive relief, the court must evaluate whether that relief is "properly characterized as prospective" (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002))).  And that is especially so because the very nature of Grossman's ADEA claim against Sullivan suggests that she seeks only retroactive relief.[3]  *See* Docket Item 5 at ¶ 32 (noting that Grossman "has lost past and future wages, . . . bonuses and other employment benefits, [and] other incidental and consequential damages and expenses" as a result of Sullivan's alleged violation of the ADEA); *see also Dwyer v. Regan*, 777 F.2d 825, 836 (2d Cir. 1985) (holding that while plaintiff's request to "be reinstated to his position [wa]s not barred by the Eleventh Amendment," his "claim for back[ ]pay" was "a retroactive award" that "[wa]s barred by the Eleventh Amendment" (citations omitted)).

In other words, Grossman's vague requests for "prospective injunctive relief" do not establish that she seeks prospective injunctive relief from Sullivan.  *Cf. Long Island Pure Water*, 375 F. Supp. 3d at 216-17.  Grossman's ADEA claim therefore is subject to dismissal.  Nevertheless, Grossman may amend that claim to clarify exactly what prospective injunctive relief she seeks.

---

[3] It is true that "[e]very Circuit to have considered the issue, including [the Second Circuit], has held that claims for reinstatement to previous employment satisfy the *Ex parte Young* exception to the Eleventh Amendment's sovereign immunity bar." *Rowland*, 494 F.3d at 96 (collecting cases).  But Grossman does not request an injunction reinstating her to her position with OMH.  *See generally* Docket Item 5.

## II.   NYSHRL CLAIMS

Generally, a federal district court may exercise supplemental jurisdiction over state law claims that are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." *See* 28 U.S.C. § 1367(a).  Here, the only basis for this Court's original jurisdiction appears to be Grossman's ADEA claim.  *See* Docket Item 5 at ¶¶ 2-3.  Accordingly, if Grossman does not amend her ADEA claim, her NYSHRL claims will be dismissed without prejudice because there is no basis for this Court to exercise supplemental jurisdiction over them.[4]

## **CONCLUSION**

For the reasons stated above, Grossman's amended complaint is subject to dismissal.  If Grossman does not file a second amended complaint within **30 days of the date of this order**, the defendants' second motion to dismiss, Docket Item 10, will be granted; Grossman's ADEA claims will be dismissed; Grossman's NYSHRL claims will be dismissed without prejudice; and the Clerk of the Court shall close this case without further order.  If Grossman files a second amended complaint, the defendants

---

[4] Even if this Court had original jurisdiction over Grossman's ADEA claim despite the effect of the Eleventh Amendment, this Court would not exercise supplemental jurisdiction over Grossman's NYSHRL claims.  *See* 28 U.S.C. § 1367(c) (explaining that a district court may decline to exercise supplemental jurisdiction over a state law claim if all claims over which the court had original jurisdiction have been dismissed); *see also Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (enumerating the factors a court should consider when deciding whether to exercise supplemental jurisdiction over a state law claim after dismissal of the federal claims).

shall answer or otherwise respond within **21 days of the date the second amended complaint is filed.**

SO ORDERED.

Dated:  December 14, 2023
         Buffalo, New York


　　　　　　　　　　　　　　　　　　　　　　　　 _/s/ Lawrence J. Vilardo_
　　　　　　　　　　　　　　　　　　　　　　　　LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE