UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JESSE GROSSMAN,

              Plaintiff,

      v.
                                     23-CV-6-LJV
                                     DECISION & ORDER

NEW YORK STATE OFFICE OF
MENTAL HEALTH, BUFFALO
PSYCHIATRIC CENTER, *et al.*,

              Defendants.

_____

       On January 4, 2023, the plaintiff, Jesse Grossman, commenced this action under the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("NYSHRL").  Docket Item 1.  She alleges that the defendants—the New York State Office of Mental Health ("OMH") and its Commissioner, Dr. Ann Marie T. Sullivan—discriminated against her based on her age when she worked at the Buffalo Psychiatric Center, a state facility operated by OMH.  *See id.*; Docket Item 5 (amended complaint); Docket Item 18 (second amended complaint).

       After OMH moved to dismiss the complaint, Docket Item 4, Grossman amended the complaint, Docket Item 5, and both defendants moved to dismiss the amended complaint, Docket Item 10.  This Court found that Grossman's claims were subject to dismissal but gave her leave to amend a second time.  Docket Item 17.  Grossman then filed a second amended complaint, Docket Item 18; the defendants again moved to dismiss, Docket Item 19; Grossman responded, Docket Item 20; and the defendants replied, Docket Item 21.

For the reasons that follow, the defendants' motion to dismiss is granted and Grossman's claims are dismissed without prejudice.

## **LEGAL PRINCIPLES**

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). "[B]ecause sovereign immunity is 'jurisdictional in nature,' questions of sovereign immunity implicate a court's subject matter jurisdiction and are analyzed under Rule 12(b)(1)." *Arjent LLC v. SEC*, 7 F. Supp. 3d 378, 383 (S.D.N.Y. 2014) (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)). "Dismissal for lack of subject matter jurisdiction must be without prejudice." *J.J. Cranston Constr. Corp. v. City of New York*, 602 F. Supp. 3d 373, 379 n.9 (E.D.N.Y. 2022) (citing *Siegel v. Apergis*, 610 F. App'x 15, 16 (2d Cir. 2015) (summary order)).

## **DISCUSSION**[1]

The defendants argue that Grossman's ADEA claim is barred by sovereign immunity, Docket Item 19-1 at 5-9, and that this Court should decline to exercise

---

[1] Because the facts alleged in the second amended complaint, Docket Item 18 at ¶¶ 10-29, are identical to the facts alleged in the first amended complaint, Docket Item 5

supplemental jurisdiction over her NYSHRL claims, *id.* at 10-11.[2]  Grossman responds

that her ADEA claim survives the defendants' motion to dismiss and that this Court

therefore has and should exercise supplemental jurisdiction over her state law claims.

Docket Item 20.  This Court addresses each set of claims in turn.

## I.     ADEA CLAIM

The Eleventh Amendment "bars . . . a claim for damages against [a state official

sued in her] official capacit[y]."  *Darcy v. Lippman*, 356 F. App'x 434, 436-37 (2d Cir.

2009) (summary order).  "Under the well-known exception to this rule set forth in *Ex*

*parte Young*, [209 U.S. 123 (1908)], however, a plaintiff may sue a state official acting in

[her] official capacity—notwithstanding the Eleventh Amendment—for prospective,

injunctive relief from violations of federal law."  *State Emps. Bargaining Agent Coal. v.*

*Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (citation and internal quotation marks omitted).

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment

bar to suit, a court need only conduct a straightforward inquiry into whether the

complaint alleges an ongoing violation of federal law and seeks relief properly

characterized as prospective."  *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S.

635, 645 (2002) (alteration, citation, and internal quotation marks omitted).

---

at ¶¶ 10-29, this Court assumes the reader's familiarity with the facts alleged in those
documents and recited in the Court's previous decision, Docket Item 17 at 2-4.

[2] The defendants also argue that Grossman has failed to state a claim under
both the ADEA and the NYSHRL.  Docket Item 19-1 at 9-10, 12-13.  Because the
second amended complaint is dismissed on jurisdictional grounds, *see infra* at 3-8, the
Court need not and does not address that argument.

Grossman asserts an ADEA claim against Sullivan in her official capacity, Docket Item 18 at ¶¶ 30-35, and she says that she seeks only injunctive relief, *see* Docket Item 13 at 3-5; *see also* Docket Item 20 at 3-8.  This Court previously found Grossman's ADEA claim to be barred by the Eleventh Amendment because the amended complaint did not "say what prospective injunctive relief [Grossman] actually seeks."  Docket Item 17 at 6-7 (citing Docket Items 5 and 13).  Grossman's second amended complaint clarifies that she seeks "reinstatement to her employment with an immediately effective promotion to the Deputy Director position . . . , including all associated increases in her compensation and employment benefits."  Docket Item 18 at ¶ 35.

According to the defendants, that relief is not properly characterized as prospective.  Docket Item 19-1 at 8.  More specifically, the defendants say that there is no "ongoing violation of federal law" because Grossman "voluntarily resigned from OMH."  *Id.* (citation and emphasis omitted).  In other words, the defendants argue that Grossman's resignation put an end to any ongoing age discrimination resulting from the failure to promote her and that reinstatement therefore is not prospective relief that would remedy an ongoing violation of law.  Grossman makes three arguments in response.

First, she contends that "[r]einstatement is purely prospective injunctive relief . . . that is not barred by the Eleventh Amendment."  Docket Item 20 at 4 (quoting *Russell v. Dunston*, 896 F.2d 664, 668 (2d Cir. 1990)).  But every case she cites for that proposition found reinstatement to be a prospective remedy for an action taken by a

state official—typically, terminating the plaintiff's employment. *See id.* at 4-6.[3]  She

does not cite any authority finding an ongoing violation of federal law after a plaintiff

voluntarily resigned her employment.[4]  *See generally* Docket Item 20.

Perhaps recognizing that the case law she cites is inapposite, Grossman next

argues—for the first time—that she was constructively discharged. *Id.* at 6 ("[Sullivan]

continues to fail to promote [Grossman] . . . and continues to uphold [Grossman's]

unlawful constructive discharge related to the same promotion denial.").  But there are

two problems with that argument.

---

[3] Citing *Dwyer v. Regan*, 777 F.2d 825, 828, 836 (2d Cir. 1985) (terminated employee sought reinstatement to position); *Malkan v. Mutua*, 2012 WL 4722688, at *7 (W.D.N.Y. Oct. 3, 2012) (same); *Marlak v. Dep't of Corr.*, 2023 WL 1474622, at *9 (D. Conn. Feb. 2, 2023) (same); *Rives v. SUNY Downstate Coll. of Med.*, 2022 WL 4646820, at *6 (E.D.N.Y. Sept. 30, 2022) (same); *Oliver v. N.Y. State Police*, 2020 WL 1989180, at *25,  (N.D.N.Y. Apr. 27, 2020) (same); *Van Ever-Ford v. New York*, 2019 WL 1922065, at *2, *13 (W.D.N.Y. Apr. 30, 2019) (same); *Russell*, 896 F.2d at 666-68 (plaintiff sought reinstatement to "medical leave status" after state employer terminated medical leave of absence); *Sinai v. State Univ. of N.Y. at Farmingdale*, 7 F. Supp. 3d 304, 317 n.6 (E.D.N.Y. 2014) (noting that reinstatement is prospective relief in case where plaintiff was terminated from state employment).

Grossman also cites *Blamah v. New York*, 2020 WL 1812690, at *5-6 (S.D.N.Y. Apr. 8, 2020), where the court held that the complaint did not seek prospective injunctive relief because it did not "make reference to the elements of an injunctive or declaratory claim for relief" and asserted claims based only on "past practices and alleged past injustices."

[4] While there does not seem to be a Second Circuit case addressing the impact of a resignation on a claim for reinstatement, at least one district court in this Circuit has suggested that voluntary resignation "likely precludes" injunctive relief in the form of reinstatement.  *See Rother v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 970 F. Supp. 2d 78, 103 n.21 (N.D.N.Y. 2013) (citing *Hertzberg v. SRAM Corp.*, 261 F.3d 651, 660 (7th Cir. 2001) (holding that, in the Title VII context, an employee who resigns and fails to demonstrate that she was constructively discharged is not entitled to reinstatement)).

First, the second amended complaint does not plead constructive discharge. *See generally* Docket Item 18.  Second, even if the second amended complaint brought a claim for constructive discharge, the facts pleaded do not support one.  "A constructive discharge occurs 'when the employer . . . deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation.'"  *Trachtenberg v. Dep't of Educ.*, 937 F. Supp. 2d 460, 468 (quoting *Morris v. Schroder Cap. Mgmt., Int'l*, 481 F.3d 86, 88 (2d Cir. 2007)).  "[T]o establish 'constructive discharge,' the plaintiff must . . . show that the abusive working environment became so intolerable that her resignation qualified as a fitting response."  *Pa. State Police v. Suders*, 542 U.S. 129, 134 (2004).

There is no colorable argument that Grossman was constructively discharged from her position.  She alleges that the defendants "pushed her out the door with [the] decision[s] not to promote her . . . and to ask her to train her successor."  Docket Item 18 at ¶ 22.  But that does not suggest a situation so abusive, humiliating, or unbearable that Grossman had no choice but to resign.  *Cf. Suders*, 542 U.S. at 134 (suggesting that constructive discharge may result from "a humiliating demotion, [an] extreme cut in pay, or [a] transfer . . . [causing] unbearable working conditions").  Rather, it seems that Grossman's working conditions did not change and that she took offense because she was not promoted.  That does not amount to a constructive discharge.  *See Petrosino v. Bell Atl.*, 385 F.3d 210, 231 (2d Cir. 2004) ("[A] constructive discharge claim cannot be proved by demonstrating that an employee is dissatisfied with . . . the failure to receive an anticipated raise . . . ." (citations omitted)).  So Grossman's argument that an

injunction would remedy ongoing harm stemming from her allegedly involuntary resignation fails.

Finally, Grossman suggests that under the defendants' reasoning, Sullivan—or, for that matter, any state official—"can never be liable for retaliatory termination [because] any relief sought for the termination would be retroactive."  Docket Item 20 at 6.  But there was no retaliatory termination to remedy here.  In fact, there was no termination at all.  This case therefore is distinguishable from cases in which a state official terminates an employee for retaliatory purposes.

In sum, this is not a case where "the detrimental impact of [Grossman's] allegedly [illegal] dismissal continues into the present."  *See Rives*, 2022 WL 4646820, at *6 (internal quotation marks omitted).  Indeed, it is not a case where the detrimental impact of any action by the defendants continues in any way.  Grossman's employment—and opportunity for promotion—came to an end when she resigned.  Any harm stemming from the failure to promote Grossman therefore is not ongoing, and an injunction ordering reinstatement and promotion is not properly characterized as prospective for that reason.  *Cf. Blamah*, 2020 WL 1812690, at *6 ("Mere conclusory language stating that a [p]laintiff is entitled to prospective, injunctive relief . . . does not make it so.").

The Eleventh Amendment therefore bars Grossman's ADEA claim against Sullivan, and that claim is dismissed.

## II.   NYSHRL CLAIMS

Generally, a federal district court may exercise supplemental jurisdiction over state law claims that are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy."  *See* 28 U.S.C.

§ 1367(a).  Here, the only basis for this Court's original jurisdiction appears to be Grossman's ADEA claim.  *See* Docket Item 18 at ¶¶ 2-3.  Because that claim is dismissed, there is no basis for this Court to exercise supplemental jurisdiction over Grossman's NYSHRL claims.  Grossman's NYSHRL claims therefore are dismissed without prejudice.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss, Docket Item 19, is GRANTED.  Grossman's ADEA claim and NYSHRL claims are dismissed without prejudice.  The Clerk of the Court shall close this case.


SO ORDERED.

Dated:   June 5, 2024
         Buffalo, New York


 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE